UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT CARRICO,                    )
                                   )
        *PETITIONER*,              )
                                   )        CAUSE NO. 3:16-CV-895 RLM
        v.                         )        (ARISING FROM 3:14-CR-11 RLM)
                                   )
UNITED STATES OF AMERICA,          )
                                   )
        *RESPONDENT*.              )

OPINION AND ORDER

Robert Carrico's motion to vacate and correct his sentence under 28 U.S.C. § 2255 is before the court. He raises two arguments in his motion: (1) that his counsel was ineffective for not objecting at sentencing to the court's calculation of the number of firearms Mr. Carrico possessed; and (2) that his counsel was ineffective for not filing a notice of appeal when instructed to do so by Mr. Carrico. For the reasons that follow, the court denies Mr. Carrico's motion.

Mr. Carrico pleaded guilty to possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1), and possession of a firearm in relation to drug trafficking activities. 18 U.S.C. § 924(c). The court sentenced him to 12 months for possession with intent to distribute marijuana and 80 months for possession of a firearm in relation to drug trafficking activities, with the terms to be served consecutively. This court reduced Mr. Carrico's sentence for possession with intent to distribute marijuana to six months following the Sentencing Commission's decision to lower the base offense levels associated with drug quantities in trafficking offenses in 2014. His term of imprisonment for

possession of a firearm in relation to drug trafficking activities remains unchanged.

A person convicted of a federal crime can challenge his sentence on the grounds that the sentence violates the Constitution or laws of the United States. 28 U.S.C. § 2255(a). An evidentiary hearing isn't required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255. After reviewing Mr. Carrico's petition and the record of this case, the court concludes that the factual and legal issues raised can be resolved on the record, so no hearing is necessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000) (hearing not required where the record conclusively demonstrates that a petitioner is entitled to no relief on § 2255 motion).

The court can't reach the merits of Mr. Carrico's arguments because the appeal waiver prevents him from raising them. Mr. Carrico's plea agreement, signed by Mr. Carrico, his attorney Mark Lenyo, and Assistant United States Attorney Donald Schmid, contains the following language:

> I expressly waive my right to appeal or to contest my conviction and all components of my sentence, or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to the negotiation of this plea agreement, including any appeal under Title 18, United States Code, Section 3742 *or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255*[.]

[Doc No. 10, ¶ 9(e) (emphasis added)].

A court "will enforce an appeal waiver in a plea agreement if the terms of the waiver are clear and unambiguous and the defendant knowingly and voluntarily entered into the agreement." United States v. Worden, 646 F.3d 499, 502 (7th Cir. 2011). "To bar collateral review, the plea agreement must clearly state that the defendant waives his right to collaterally attack his conviction or sentence in addition to waiving his right to a direct appeal." Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (italics omitted). "[A] defendant's freedom to waive his appellate rights includes the ability to waive his right to make constitutionally-based appellate arguments" and "preclude appellate review even of errors that are plain in retrospect." United States v. Smith, 759 F.3d 702, 707 (7th Cir. 2014).

Mr. Carrico's claim is within the scope of the waiver and he declared that he offered his "plea of guilty freely and voluntarily and of [his] own accord." [Doc No. 10, ¶ 12]. He doesn't dispute that his plea was entered knowingly and voluntarily. Instead, Mr. Carrico argues that his claim falls within one of the limited exceptions to the rule that a court must enforce an appeal waiver: ineffective assistance of counsel. Mr. Carrico contends that a plea agreement's waiver of right to appeal or collaterally challenge a sentence doesn't include a waiver of the right to bring a challenge based on ineffective assistance of counsel at sentencing or for failure to file an appeal notice.

Controlling precedent in this circuit allows a court to disregard a waiver if "the defendant claims ineffective assistance of counsel *in connection with the negotiation of the plea agreement.*" Keller v. United States, 657 F.3d 675, 681

(7th Cir. 2011) (emphasis added); <u>Gaylord v. United States</u>, 829 F.3d 500, 505 (7th Cir. 2016). *But see* <u>United States v. Attar</u>, 38 F.3d 727, 732 (4th Cir. 1994) (recognizing an exception to the requirement that appeal waivers be enforced if the defendant claims ineffective assistance of counsel at the proceedings following the entry of the plea).

Mr. Carrico doesn't claim ineffective assistance of counsel in connection with the negotiation of his plea agreement. Instead he claims that his counsel was ineffective at sentencing and for not filing a notice of appeal. Those aren't grounds that allow a court to disregard an appeal waiver. *See* <u>Solano v. United States</u>, 812 F.3d 573, 577 (7th Cir. 2016) (holding that when a petitioner has agreed to an appeal waiver, he "may not bring an ineffective assistance of counsel claim for his attorney's failure to file an appeal, even one he explicitly requested"); <u>Mason v. United States</u>, 211 F.3d 1065, 1069 (7th Cir. 2000) (enforcing an appeal waiver where the "ineffective assistance of counsel claim relate[d] only to [the] attorney's performance with respect to sentencing," not the negotiation of the waiver). Therefore, Mr. Carrico's appeal waiver must be enforced and this court can't reach the merits of his claims.

Based on the foregoing, the court DENIES Mr. Carrico's § 2255 motion to vacate and correct his sentence [Doc. No. 40].

SO ORDERED.

ENTERED: March 1, 2017

 /s/ Robert L. Miller, Jr.
Judge
United States District Court